UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA CHAPPELL | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : |
| | : |
| ZAYO BANDWIDTH, NORTHEAST, LLC | : |
| and | : |
| PPL TELCOM, LLC | : |
| | : |
| Defendants. | : |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Zayo Bandwidth, Northeast, LLC, formerly known as PPL Telcom, LLC, by counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The grounds for removal are as follows:

1. On December 22, 2008, a civil action captioned <u>Lisa Chappell v. Zayo Bandwidth, Northeast, LLC and PPL Telcom, LLC</u>, Case No. 2008 C 6208 ( the "State Court Action") was filed in the Court of Common Pleas, Lehigh County, Pennsylvania.

2. Copies of the Notice to Plead and verified Complaint were served on January 13, 2009.

3. The Complaint is the initial pleading setting forth the claim for relief upon which this action or proceeding is based and no other proceedings have occurred in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), the Complaint in this action is attached as Exhibit A.

4. Plaintiff could have brought this action originally in this Court pursuant to 28 U.S.C. § 1331 because her Complaint – which alleges a violation of the Family and Medical

Leave Act (29 U.S.C. § 2601 *et seq.*) – arises under the Constitution, laws, or treatises of the United States.

5. This Notice is being filed within thirty (30) days of the service of the Complaint, pursuant to 28 U.S.C. § 1446(b).

6. True and accurate copies of this Notice of Removal with the accompanying Exhibits and Notice of Removal directed to the state court will be served upon Plaintiff's counsel, and filed with the Clerk of the Court of Common Pleas, Lehigh County, Pennsylvania, on this date, in accordance with the provisions set forth in 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Zayo Bandwidth, Northeast, LLC, formerly known as PPL Telcom, LLC, respectfully notifies this Court that the action now pending against it in the Court of Common Pleas, Lehigh County, Pennsylvania has been removed to this Court in accordance with the foregoing statutory provisions.

Respectfully submitted,

*/s/ Patricia Tsipras*
Michael J. Fortunato
Patricia Tsipras
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road
Paoli, Pennsylvania 19301
Telephone:   (610) 408.2005
             (610) 408.2029
Email: mfortunato@rubinfortunato.com
       ptsipras@rubinfortunato.com

Counsel for Defendant
Zayo Bandwidth, Northeast, LLC
formerly known as PPL Telcom, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via First Class Mail, postage prepaid, upon the following, this 2nd day of February 2009:

Christopher P. Lagay
Stief, Gross, Sagoskin, Gilman & Classetti, P.C.
547 East Washington Avenue
Newtown, Pennsylvania 18940

_____
Counsel for Defendant
Zayo Bandwidth, Northeast, LLC
formerly known as PPL Telcom, LLC

# EXHIBIT A

Christopher P. Lagay, Esquire
Attorney ID No. 80299
STIEF, GROSS, SAGOSKIN, GILMAN & CLASSETTI, P.C.
547 East Washington Avenue
Newtown, PA 18940
215-968-3900

| | | |
|---|---|---|
| LISA CHAPPELL<br>1522½ Chew St.<br>Allentown, PA 18102<br><br>　　　　Plaintiff,<br>　　v.<br><br>ZAYO BANDWIDTH, NORTHEAST, LLC<br>(formerly PPL TELCOM, LLC)<br>2 North 9th Street<br>Allentown, PA 18101-1179<br><br>and<br><br>PPL TELCOM, LLC<br>2 North 9th Street<br>Allentown, PA 18101-1179<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>LEHIGH COUNTY<br><br>CIVIL ACTION - LAW<br><br>NO. 2008 C 6205<br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## NOTICE TO PLEAD

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LEHIGH COUNTY BAR ASSOCIATION
Lawyer Referral Service
1114 Walnut Street
Allentown, PA 18102
Telephone: (610) 433-6204

Christopher P. Lagay, Esquire
  Attorney I.D. #80299
STIEF, GROSS, SAGOSKIN, GILMAN & CLASSETTI, P.C.
Attorney for Plaintiff
547 East Washington Avenue
P.O. Box 274
Newtown, PA 18940-0274
(215) 968-3900

Christopher P. Lagay, Esquire
Attorney ID No. 80299
STIEF, GROSS, SAGOSKIN, GILMAN & CLASSETTI, P.C.
547 East Washington Avenue
Newtown, PA 18940
215-968-3900

| | |
|---|---|
| LISA CHAPPELL<br>1522½ Chew St.<br>Allentown, PA 18102<br><br>        Plaintiff,<br>    v.<br><br>ZAYO BANDWIDTH, NORTHEAST, LLC<br>(formerly PPL TELCOM, LLC)<br>2 North 9th Street<br>Allentown, PA 18101-1179<br><br>and<br><br>PPL TELCOM, LLC<br>2 North 9th Street<br>Allentown, PA 18101-1179<br><br>        Defendants. | COURT OF COMMON PLEAS<br>LEHIGH COUNTY<br><br>CIVIL ACTION - LAW<br><br>NO.<br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

1. Plaintiff Lisa Chappell is an adult individual, and a citizen and resident of the State of Pennsylvania, residing at 1522½ Chew Street, Allentown, Lehigh County, Pennsylvania.

2. Defendant Zayo Bandwidth Northeast, LLC, (hereinafter "Zayo") is a corporation, organized and incorporated according to the laws of the State of Delaware, with a registered office address of 2 North 9th Street, Allentown, Lehigh County, Pennsylvania.

3. At all times material hereto, defendant Zayo was doing business within the Commonwealth of Pennsylvania, including the County of Lehigh.

4. At all times material hereto, defendant Zayo acted through its directors, employees, servants, agents, ostensible agents and apparent agents.

5. At all times material hereto, defendant Zayo was an employer as that term is defined in 29 U.S.C. § 2601, *et seq.*

6. Defendant PPL Telecom, LLC, (hereinafter "PPL") is a corporation, organized and incorporated according to the laws of the State of Maryland, with a registered office address of 2 North 9th Street, Allentown, Lehigh County, Pennsylvania.

7. At all times material hereto, defendant PPL was doing business within the Commonwealth of Pennsylvania, including the County of Lehigh.

8. At all times material hereto, defendant PPL acted through its directors, employees, servants, agents, ostensible agents and apparent agents.

9. At all times material hereto, defendant PPL was an employer as that term is defined in 29 U.S.C. § 2601 *et seq.*

10. It is believed and therefore averred that defendant Zayo acquired, merged with, or otherwise assumed the assets and liabilities of defendant, PPL, at some time in 2007 and is the successor in interest to defendant PPL.

11. In accordance with 29 C.F.R. 825.104(a), defendant Zayo, as the successor in interest to defendant PPL, is considered an employer covered by the FMLA for purposes of this action.

12. At all times material hereto, plaintiff Lisa Chappell was an eligible employee (as that term is defined in 29 U.S.C. § 2601 *et seq.*) of defendant, PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo.)

13. In or about February 2004, plaintiff Lisa Chappell was hired by defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) as an Account Consultant. At the time of her hiring, Ms. Chappell had been diagnosed with a medical condition, specifically, chronic pelvic pain, but did not require any accommodation at the time of her hiring.

14. In or around December 2005, plaintiff's supervisor at defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) was Paul Zanotto.

15. In or around December 2005, plaintiff's condition became more severe and she informed Mr. Zanotto that she was going to resume medical attention for her condition. Mr. Zanotto informed her that she should take as much time as she needed to properly treat her condition.

16. In February 2006, plaintiff underwent laparoscopic exploratory surgery at St. Lukes Hospital in Allentown, PA. Following surgery, plaintiff was treated with injections from April 2006 through July 2006.

17. In or around April 2006, David Ragone assumed duties as defendant PPL's (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) Manager of Customer Service. In this position, Mr. Ragone was plaintiff's supervisor.

18. In July 2006, plaintiff underwent surgery for removal of the left ovary in an attempt to relieve her symptoms. The surgery was performed at St. Lukes Hospital in Allentown, PA.

19. On or before October 16, 2006, plaintiff informed defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) that she was applying for intermittent leave under the Family and Medical Leave Act.

20. On or before October 16, 2006, plaintiff received from defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) a copy of defendant's form 4749, entitled "Medical Certification of Family and Medical Leave." On this form, plaintiff's physician indicates the medical reasons in support of plaintiff's FMLA request, and indicates that plaintiff will be out of work from October 23, 2006 through October 27, 2006.

21. On or about October 30, 2006, approximately two (2) weeks after plaintiff requested documents in support of her request for leave under the FMLA, Mr. Ragone placed Ms. Chappell on a Performance Improvement Plan, claiming that her absences were affecting her work.

22. In December 2006, Mr. Ragone had a private meeting with plaintiff wherein he told her that he wanted her to report to him her physical whereabouts at all times during the workday. Plaintiff was the only employee supervised by Mr. Ragone who was required to report her physical whereabouts at all times during the workday, and the only employee supervised by Mr. Ragone who had requested and/or been granted FMLA leave.

23. During the December 2006, meeting, Mr. Ragone directly informed plaintiff, Lisa Chappell, that he didn't like the fact that she could call out of work for intermittent leave. Ms. Chappell informed Mr. Ragone that she was permitted to do so under the FMLA. Mr. Ragone repeated that he disliked Ms. Chappell's right to intermittent leave, and told her that it would be illegal for him to comment further about such leave.

24. On December 19, 2006, plaintiff received a written warning for being away from her desk without approval. Plaintiff had been at lunch, and the employer's policy permitted the employees, including Ms. Chappell, to take their lunch breaks at any time during the work

4

day without approval. Mr. Ragone also counseled plaintiff for an incident which occurred the week prior, wherein she had used the word "hell" in a conversation with a co-employee.

25. As a result of the written warning dated December 19, 2006, Mr. Ragone placed Ms. Chappell on the "Responsible Behavior Program" for a period of one year, in violation of PPL policies that requires the employee be given a chance to respond to the written warning, and requires a written commitment from the employee. It is further believed that both the oral counseling and the written warning were taken without Mr. Ragone first consulting with Human Resources, in violation of PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo.) policies.

26. By email dated December 21, 2006, plaintiff informed Mr. Ragone that she would be taking a vacation day on January 2, 2007. By email dated December 27, 2006, Mr. Ragone denied her vacation request, referring to her FMLA approved intermittent leave by stating "when you are not out sick, I need you here concentrating on your job and focusing on improving your performance."

27. In the email of December 27, 2006, Mr. Ragone informed Ms. Chappell he would discuss her vacation and intermittent leave during a performance review on Friday, December 29, 2006.

28. By email of December 29, 2006, Mr. Ragone advised plaintiff that he would conduct a performance review at 11:00 a.m. on that day. Because of Mr. Ragone's prior criticisms about plaintiff's use of intermittent leave under the FMLA, Ms. Chappell felt uncomfortable being alone with Mr. Ragone, and requested that the performance review be reschedule when either Paul Zanotto or Mary Ann Kelly-Merenda were available.

29. Upon receipt of the email from Ms. Chappell, Mr. Ragone claimed that Ms. Chappell refused to meet with him, and suspended her on that date.

30. On January 3, 2007, Mr. Ragone called plaintiff, Lisa Chappell, on the phone, and informed her that she was terminated for insubordination.

**COUNT I**
**Plaintiff, Lisa Chappell v. All Defendants**
**Violation of Family Medical Leave Act (29 U.S.C. § 2601 *et seq.*)**

31. Paragraph Nos. One (1) through Thirty (30), above, are incorporated by reference as though the same were herein set forth at length.

32. The Family and Medical Leave Act (29 USC § 2601 *et seq.*) states that "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

33. The Family and Medical Leave Act (29 USC § 2601 *et seq.*) states that "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2).

34. Defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) acting through its directors, employees, servants, agents, ostensible agents and apparent agents, including but not limited to Mr. Ragone, interfered with and restrained Ms. Chappell's rights to intermittent leave under the FMLA, in violation of 29 U.S.C. § 2615(a)(1), by subjecting her to restrictions in the workplace that were not imposed on other employees, because of her request for, entitlement to, and use of FMLA leave, during the period October 16, 2006 through Janaury 3, 2007.

35. Defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) acting through its directors, employees, servants, agents, ostensible agents and apparent agents, including but not limited to Mr. Ragone, interfered with and restrained Ms. Chappell's rights to intermittent leave under the FMLA, in violation of 29 U.S.C. § 2615(a)(1), by placing her a Performance Improvement Plan, in violation of its written policies, because of her request for, entitlement to, and use of FMLA leave during the period October 16, 2006 through Janaury 3, 2007.

36. Defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) acting through its directors, employees, servants, agents, ostensible agents and apparent agents, including but not limited to Mr. Ragone, interfered with and restrained Ms. Chappell's rights to intermittent leave under the FMLA, in violation of 29 U.S.C. § 2615(a)(1), by subjecting her to disciplinary actions, including but not limited to assignment on the "Responsible Behavior Program" because of her request for, entitlement to, and use of FMLA leave during the period October 16, 2006 through Janaury 3, 2007.

37. Defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) acting through its directors, employees, servants, agents, ostensible agents and apparent agents, including but not limited to Mr. Ragone, interfered with and restrained Ms. Chappell's rights to intermittent leave under the FMLA, in violation of 29 U.S.C. § 2615(a)(1), by denying her vacation request on December 27, 2006, because of her request for, entitlement to, and use of FMLA leave during the period October 16, 2006 through Janaury 3, 2007.

38. Defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) acting through its directors, employees, servants, agents, ostensible agents and apparent agents, including but not limited to Mr. Ragone, interfered with and restrained Ms. Chappell's rights to intermittent leave under the FMLA, in violation of 29 U.S.C. § 2615(a)(1), by suspending her employment on December 29, 2006, because of her request for, entitlement to, and use of FMLA leave during the period October 16, 2006 through Janaury 3, 2007.

39. Defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) acting through its directors, employees, servants, agents, ostensible agents and apparent agents, including but not limited to Mr. Ragone, interfered with and restrained Ms. Chappell's rights to intermittent leave under the FMLA, in violation of 29 U.S.C. § 2615(a)(1), by terminating her employment on January 3, 2007, because of her request for, entitlement to, and use of FMLA leave during the period October 16, 2006 through Janaury 3, 2007.

40. Defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) acting through its directors, employees, servants, agents, ostensible agents and apparent agents, including but not limited to Mr. Ragone, discriminated against plaintiff, Lisa Chappell, for opposing the interference and restraint of her rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(2), by subjecting her to restrictions in the workplace that were not imposed on other employees, because of her request for, entitlement to, and use of FMLA leave, during the period October 16, 2006 through Janaury 3, 2007.

41. Defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) acting through its directors, employees, servants, agents, ostensible agents and apparent agents, including but not limited to Mr. Ragone, discriminated against plaintiff, Lisa Chappell, for opposing the interference and restraint of her rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(2), by placing her a Performance Improvement Plan, in violation of its written policies, because of her request for, entitlement to, and use of FMLA leave during the period October 16, 2006 through Janaury 3, 2007.

42. Defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) acting through its directors, employees, servants, agents, ostensible agents and apparent agents, including but not limited to Mr. Ragone, discriminated against plaintiff, Lisa Chappell, for opposing the interference and restraint of her rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(2), by subjecting her to disciplinary actions, including but not limited to assignment on the "Responsible Behavior Program" because of her request for, entitlement to, and use of FMLA leave during the period October 16, 2006 through Janaury 3, 2007.

43. Defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) acting through its directors, employees, servants, agents, ostensible agents and apparent agents, including but not limited to Mr. Ragone, discriminated against plaintiff, Lisa Chappell, for opposing the interference and restraint of her rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(2), by denying her vacation request on December 27, 2006, because of her request for, entitlement to, and use of FMLA leave during the period October 16, 2006 through Janaury 3, 2007.

44. Defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) acting through its directors, employees, servants, agents, ostensible agents and apparent agents, including but not limited to Mr. Ragone, discriminated against plaintiff, Lisa Chappell, for opposing the interference and restraint of her rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(2), by suspending her employment on December 29, 2006, because of her request for, entitlement to, and use of FMLA leave during the period October 16, 2006 through Janaury 3, 2007.

45. Defendant PPL (and/or defendant PPL, now by merger or other acquisition, defendant Zayo) acting through its directors, employees, servants, agents, ostensible agents and apparent agents, including but not limited to Mr. Ragone, discriminated against and discharged plaintiff, Lisa Chappell, for opposing the interference and restraint of her rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(2), by terminating her employment on January 3, 2007, because of her request for, entitlement to, and use of FMLA leave during the period October 16, 2006 through Janaury 3, 2007.

46. The defendants actions, as set forth in paragraphs Thirty-Four (34) through Forty-Six(46), above, were wilful violations of 29 U.S.C. § 2615.

47. As a result of the defendants' violation of the Family and Medical Leave Act (29 U.S.C. § 2601 *et seq.*), plaintiff Lisa Chappell has been wrongfully deprived of her position as an Account Consultant with defendant, PPL Telcom, LLC, now by merger or other acquisition, Zayo Bandwidth Northeast, LLC.

48. As a further result of the defendants' violation of the Family and Medical Leave Act (29 U.S.C. § 2601 *et seq.*), plaintiff Lisa Chappell has been wrongfully deprived of the benefits

of employment, including wages, bonuses, fringe benefits, and seniority rights.

49. As a result of the defendants' violation of the Family and Medical Leave Act (29 U.S.C. § 2601 *et seq.*), plaintiff Lisa Chappell has been required to retain the services of counsel, and has incurred counsel fees and legal costs, the full amount of which is as yet undetermined.

**WHEREFORE**, plaintiff, Lisa Chappell, demands judgment against defendants PPL Telcom, LLC, and Zayo Bandwidth Northeast, LLC, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000), plus delay damages, interest, costs and counsel fees, and such other relief as may be permitted under the laws of the United States of America and the Commonwealth of Pennsylvania.

**STIEF, GROSS, SAGOSKIN, GILMAN & CLASSETTI, P.C.**

By: _____
Christopher P. Lagay
Attorneys for Plaintiff

11

## VERIFICATION

I, Lisa Chappell, verify that the factual statements made in the:

**COMPLAINT**

are true and correct.

I understand that false statements herein are subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

_____
Lisa Chappell